UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BENJAMIN J. BOLTON,

          Plaintiff,

                    Case # 18-CV-6484-FPG

v.

                    DECISION AND ORDER

BRENT ISAACSON,

          Defendant.

## INTRODUCTION

On June 29, 2018, *pro se* Plaintiff Benjamin J. Bolton filed an *in forma pauperis* motion and a complaint against Defendant Brent Isaacson alleging that Defendant, an FBI special agent, violated his First Amendment right to free speech when he informed Plaintiff's probation officer that Plaintiff had violated the conditions of Plaintiff's supervised release in retaliation for Plaintiff filing misconduct claims against Defendant and the FBI. ECF Nos. 1, 4.

On November 29, 2019, the Court granted Plaintiff's Motion to proceed *in forma pauperis* but found, pursuant to 28 U.S.C. § 1915(e), that his Complaint failed to state a claim upon which relief could be granted. ECF No. 3. Consequently, the Court directed Plaintiff to file an amended complaint by January 2, 2019. *Id.*

Plaintiff obliged. He filed two identical amended complaints: one on December 27, 2018, and another on March 13, 2019. ECF Nos. 4, 5. The Court now reviews Plaintiff's most recent Amended Complaint—ECF No. 5—and finds that it too fails to state a claim upon which relief can be granted. Consequently, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

**DISCUSSION**

Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if a plaintiff is proceeding *in forma pauperis* and the Court determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

When a plaintiff is proceeding *pro se*, a court must liberally construe his pleadings, "particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and quotation marks omitted).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's Amended Complaint addresses his only viable claim: his First Amendment retaliation claim. Plaintiff must plausibly allege the following three elements to state such a claim: "(1) [plaintiff has] an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Prince v. Cty. of Nassau*, 837 F. Supp. 2d 71, 95 (E.D.N.Y. 2011) (quoting *Kuck v. Danaher*, 600 F.3d 159, 167-68 (2d Cir. 2010)) (quotation marks omitted).

In the Court's prior Decision and Order, it found that Plaintiff had established the first two elements of a retaliation claim but not the third. ECF No. 3 at 3. Specifically, the Court found that Plaintiff had not plausibly alleged that Defendant chilled the exercise of his First Amendment right because Plaintiff filed the instant lawsuit and has filed several subsequent lawsuits. *Id.* at 3-4.

Here, the same reasoning holds. Plaintiff has not alleged any facts in his Amended Complaint to show that Defendant's acts actually chilled the exercise of his First Amendment right. In fact, Plaintiff's Amended Complaint shows the opposite: He explains that Defendant "attempt[ed]" to prevent Plaintiff from filing suit and, going further, that Defendant's acts "caused Plaintiff to seek judicial relief." ECF No. 5 at 6-7. So, instead of intimidating or silencing Plaintiff, Defendant's alleged acts caused Plaintiff to file suit. A First Amendment retaliation claim cannot lie in that context.

Moreover, the Court finds that it is impossible for Plaintiff to amend his complaint to successfully state a claim. The facts are inescapable: Plaintiff filed several lawsuits—including this one—after Defendant allegedly retaliated against him. Under relevant case law, Plaintiff cannot argue that his speech was chilled by retaliation when use of his speech followed the retaliation. *See Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001) ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech." (citing *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995)). Consequently, any amendment to Plaintiff's Amended Complaint would be futile, and it is therefore DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint, ECF No. 5, is DISMISSED WITH PREJUDICE. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: October 28, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court